<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF NEW JERSEY</u>

———————————————————
                                          :
ALBERT J. KENT,                           :
                                          :
            Plaintiff,                    :
                                          :         Civil Action No. 07-4973 (JAG)
            v.                            :
                                          :              **OPINION**
FAITH TABAFUNDA; DISTRICT                 :
COURT CLERK OFFICE,                       :
                                          :
            Defendants.                   :
———————————————————:


<u>GREENAWAY, JR., U.S.D.J.</u>

        This matter comes before this Court on the motion of Defendants Faith Tabafunda

("Tabafunda") and the District Court Clerk Office (the "Clerk's Office")[1] (collectively

"Defendants"), to dismiss for failure to state a claim upon which relief can be granted, pursuant

to FED. R. CIV. P. 12(b)(6)[2], or alternatively, for summary judgment, pursuant to FED. R. CIV. P.

56.  For the reasons stated below, Defendants' motion to dismiss is granted.  Defendants' motion

seeking summary judgment is denied, as moot.

_____

        [1] Plaintiff's suit against the District Court Clerk Office appears to be directed at the
Office of the Clerk for the United States District Court for the District of New Jersey.

        [2] Defendants state that although their motion is "akin to a motion for dismissal for failure
to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), it is couched as a motion
for summary judgment under Federal Rule of Civil Procedure 56 because defendant, in
conjunction with its motion, has introduced additional factual information in the form of the
Declaration of James B. Clark III."  (See Mem. in Supp. of Mot. for Dismissal ("Gov't Mem.") 7
n.2.)

1

## I. <u>FACTUAL BACKGROUND</u>

On March 9, 2005, <u>pro se</u> Plaintiff Albert Kent ("Plaintiff") filed a complaint against his former employer, the United States Post Office ("USPO"), alleging various forms of employment discrimination. (Compl., <u>Kent v. U.S. Post Office</u>, No. 05-1390 (PGS) (D.N.J. filed March 8, 2005).) Plaintiff filed an amended complaint on February 6, 2006, alleging a violation of the Rehabilitation Act, 29 U.S.C. §§ 791 - 794(e) (2006). (Am. Compl., <u>Kent v. U.S. Post Office</u>, No. 05-1390 (PGS) (D.N.J. filed Feb. 6, 2006); <u>see also</u> <u>Kent v. U.S. Post Office</u>, No. 05-1390, 2007 U.S. Dist. LEXIS 12596, *1 (Feb. 23, 2007).)

The USPO filed a motion to dismiss on January 12, 2007, (Mot. to Dismiss, <u>Kent v. U.S. Post Office</u>, No. 05-1390 (PGS) (D.N.J. filed Jan. 12, 2007).), and Judge Peter G. Sheridan conducted a hearing on the motion on February 7, 2007. (Hr'g, <u>Kent v. U.S. Post Office</u>, No. 05-1390 (PGS) (D.N.J. held Feb. 7, 2007).) Plaintiff alleges that he appeared in Judge Sheridan's courtroom on February 7, 2007, and was "informed . . . that he needed [] testimony of his medical condition." (Notice of Removal Ex. A at 19.) Plaintiff states that he obtained documentation from his doctor and "[f]iled [it] in the court on Feb. 13, 2007 and then placed [it] in the hands of the above defendant, Faith Tabafunda. . . . " (<u>Id.</u> at 6.) The docket in Civil Action No. 05-1390 reflects Plaintiff's submission. (Ltr. from Pl. Albert Kent Regarding Medical Report, <u>Kent v. U.S. Post Office</u>, No. 05-1390 (PGS) (D.N.J. filed Feb. 13, 2007).)

On February 23, 2007, Judge Sheridan issued an opinion dismissing Plaintiff's amended complaint. He opined that the medical testimony Plaintiff submitted was insufficient to establish that he was a disabled person within the meaning of the Rehabilitation Act. <u>Kent</u>, 2007 U.S. Dist. LEXIS 12596, at *7-9. Judge Sheridan referenced specifically the medical records Plaintiff

submitted, and found that the records "do not indicate a serious injury." Id. at *9.

As a result of Judge Sheridan's ruling, Plaintiff filed suit in the Superior Court of New Jersey, Law Division, against Defendants Tabafunda and the Clerk's Office, for one million dollars in damages.[3]  (See Notice of Removal Ex. A.)  Plaintiff alleges that "[t]he above Defendants [were] given critical evidence as instructed by Judge Peter G. Sheridan.  She failed to give this medical testimony in clear violation of Plaintiff['s] civil rights according to the U.S. Constitution[, and the] 14th Amendment[.]"[4] (Id. at 2.)  Plaintiff also alleges that "[de]spite being given all of the above evidence on two separate occasion[s,] first [in] March 2005[, and] second [on] Feb. 13[,] 2007[,] she says she has not seen [] medical testimony an[d] they have not been filed in this court."  (Id. at 22.)

Defendants removed this matter to this Court on October 15, 2007, (see generally, Notice of Removal), and moved for dismissal, or alternatively, for summary judgment, on October 24,

---

[3] It is unclear whether Plaintiff seeks compensatory or punitive damages, or both.  (See Notice of Removal Ex. A at 6, 7, 12 (stating that "Plaintiff seeks one million dollars for the violation of his civil rights according to the United States Constitution 14th Amendment rights of due process" and "one million dollars for punitive damages.")  However, this Court need not determine the specific relief Plaintiff requests, as this Court finds Plaintiff's claims are without merit.

[4] Plaintiff filed this Bivens-like complaint, pursuant to the Fourteenth Amendment.  See generally, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (recognizing that a violation of the Constitution of the United States, by a federal agent, could give rise to a cause of action for money damages).  However, "[t]he Fourteenth Amendment is clearly not applicable to the facts of this case because the defendants are federal, not state actors.  The Court, therefore, presumes that plaintiff actually seeks relief for deprivation of his Fifth Amendment rights." Lee X v. Casey, 771 F. Supp. 725, 726 n.2 (E.D. Va. 1991) (granting defendant's motion for summary judgment because the Bivens-type suit, which alleged that the defendant, deputy clerk of the court, deprived the plaintiff of his right to access to the courts by failing to docket a letter notice of appeal, proved negligence at best, an insufficient basis for stating a claim under Bivens).

2007.  (See generally, Mot. for Summ. J. or Dismissal with Prejudice.)  Defendants argue, inter alia, that dismissal is warranted because the medical evidence that Plaintiff alleges was withheld from Judge Sheridan was, in fact, already a part of the record, and, therefore, available to Judge Sheridan prior to his order dismissing Plaintiff's amended complaint in Civil Action No. 05-1390.  (Id. at 9-11.)

## II.  STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (internal citations omitted).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).  "A document filed pro se[, however,] is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers."  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (internal quotations omitted).

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  "However, if facts that are alleged to be true in a complaint are contradicted by facts that can be judicially noticed, the contradicted facts in the complaint are not to be deemed as true upon consideration of the motion to dismiss." Smith v. Litton Loan Servicing, LP, No. 04-2846, 2005 U.S. Dist. LEXIS 1815, *18 (E.D. Pa. Feb. 4, 2005) (citing 5A Wright & Miller, Federal Practice and Procedure Civil 2d § 1364).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Twombly, 127 S. Ct. at 1974; see also In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397 (3d Cir. 2000) (stating that a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the

5

complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259

(3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice &

Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the

texts of the documents on which [their] claim is based by failing to attach or explicitly cite

them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  "[A]

'document integral to or explicitly relied upon in the complaint' may be considered 'without

converting the motion [to dismiss] into one for summary judgment.'"  Id. (emphasis in original)

(quoting Shaw v Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).  Any further

expansion beyond the pleading, however, may require conversion of the motion into one for

summary judgment.  FED. R. CIV. P. 12(d).[5]

_____

[5] Defendants submit the Declaration of James B. Clark, III, Assistant United States
Attorney, in support of their motion to dismiss, or alternatively, for summary judgment.  (See
generally, Decl. of James B. Clark, III.)  In addition, Defendants submit several documents that
were part of the record in Civil Action No. 05-1390, including Plaintiff's amended complaint,
Judge Sheridan's opinion and order dismissing the amended complaint, and the docket.  (See
generally, Decl. of James B. Clark, III Exs. A-K.)

Documents contained in the record in other court proceedings have been construed as
matters of public record.  See In re Intelligroup Sec. Litig., 527 F. Supp. 2d 262, 273 (D.N.J.
2007) (citing Jackson v. Broad. Music, Inc., No. 04-5948, 2006 U.S. Dist. LEXIS 3960, *18
(S.D.N.Y. Jan. 31, 2006) (stating that "the court may take judicial notice of public records and of
'admissions in pleadings and other documents in the public record filed by a party in other
judicial proceedings that contradict the party's factual assertions in a subsequent action' without
converting the motion into one for summary judgment") (internal citation omitted))); Adams v.
Jones, No. 96-4377, 1999 U.S. Dist. LEXIS 3990, *14 n.4 (E.D. Pa. March 30, 1999) (citing
Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (stating
that "[a] district court deciding either a Rule 12(b)(6) motion or a motion for summary judgment
is entitled to take judicial notice of the factual record of a prior proceeding.")).  Therefore, this
Court will consider only the documents that were filed in Civil Action No. 05-1390, and will not
convert this motion into one for summary judgment.

## III. <u>DISCUSSION</u>

Plaintiff's Complaint asserts various criticisms regarding Defendants.  (<u>See</u> <u>generally,</u> Notice of Removal Ex. A.)  In short, Plaintiff alleges that Defendants failed to provide Judge Sheridan with medical evidence Plaintiff had submitted, in Civil Action No. 05-1390, in support of his claim for employment discrimination, pursuant to the Rehabilitation Act.  (<u>Id.</u> at 2, 5-6, 20, 22.)  Liberally construing this Complaint, <u>see</u> <u>Erickson</u>, 127 S. Ct. at 2200, it appears that Plaintiff argues that, as a result of Defendants' alleged failure, Judge Sheridan dismissed improperly Plaintiff's amended complaint.  (<u>See</u> <u>generally,</u> Notice of Removal Ex. A.)

Defendants, however, state that "[i]t is clear . . . that any and all information the plaintiff ever submitted in support of his claim of disability was available to Judge Sheridan at the time he dismissed the amended complaint in Civil Action 05-1390."  (Gov't Mem. at 9.)  This Court finds that Defendants are correct.  As such, Plaintiff's Complaint should be dismissed, with prejudice.

In reviewing a motion to dismiss, a court must accept all allegations in the complaint as true, and view those facts in the light most favorable to the non-moving party.  <u>Oliver</u>, 38 F.3d at 1384-85.  However, a court is not required to accept as true allegations made in a complaint that are contradicted by facts that can be judicially noticed.  <u>Smith</u>, 2005 U.S. Dist. LEXIS 1815, at *18.  In the case <u>sub</u> <u>judice</u>, Plaintiff alleged that Defendants failed to give to Judge Sheridan submissions made by Plaintiff.  (Notice of Removal Ex. A at 2.)  However, the record in Civil Action No. 05-1390 reveals the opposite.  <u>See</u> <u>In re Intelligroup Sec. Litig.</u>, 527 F. Supp. 2d at 273 (court may take judicial notice of documents in prior judicial proceedings); <u>Adams</u>, 1999 U.S. Dist. LEXIS 3990, at *14 n.4 (court may take judicial notice of factual record in prior

judicial proceeding when resolving a motion to dismiss).

In fact, the two pieces of medical testimony on which Plaintiff relies, (see Notice of Removal Ex. A at 23-26), appear as Docket Entry No. 80 in Civil Action No. 05-1390.  (Ltr. from Pl. Albert Kent Regarding Medical Report, Kent v. U.S. Post Office, No. 05-1390 (PGS) (D.N.J. filed Feb. 13, 2007).)  This fact alone provides a sufficient basis for dismissal.  However, the Third Circuit has counseled courts to be "reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits."  Titus v. Mercedes Benz of N. Am., 695 F.2d 746, 749 (3d Cir. 1982).  This Court shall also consider whether Plaintiff's submissions were reviewed prior to dismissal of Plaintiff's amended complaint.

In his opinion dismissing Plaintiff's amended complaint, Judge Sheridan cites specifically to Plaintiff's medical records.  Kent, 2007 U.S. Dist. LEXIS 12596, at *8-9 (stating that "[t]he medical records from the Trinitas Hospital indicate plaintiff was treated after the car accident for 'mild left shoulder and left side neck pain[,]'" and the letter from Doctor Enrique Hernandez states "that [Plaintiff] was 'injured in a MVA 11/6/2003.  No lifting greater than 30 lbs.  Avoid prolonged standing.'") (internal citations omitted); compare Ltr. from Pl. Albert Kent Regarding Medical Report, Kent v. U.S. Post Office, No. 05-1390 (PGS) (D.N.J. filed Feb. 13, 2007) and Kent, 2007 U.S. Dist. LEXIS 12596, at *8-9.  Judge Sheridan uses these records in his analysis, and ultimately concludes that the records "do not indicate a serious injury."  Id. at *9.  For that reason, Judge Sheridan dismissed the amended complaint because Plaintiff failed to establish that he was a disabled person within the meaning of the Rehabilitation Act.  Id.

Despite this analysis, Plaintiff claims that Defendants did not submit Plaintiff's medical records to Judge Sheridan.  (Notice of Removal Ex. A at 2.)  However, Plaintiff appears to

misunderstand the legal standard for establishing a <u>prima facie</u> case of discrimination under the Rehabilitation Act.[6]  It appears that Plaintiff believed his medical submissions established that he was disabled, or in other words, established a <u>prima facie</u> case of discrimination.  Therefore, Plaintiff concluded that because his case was dismissed, Judge Sheridan must not have had access to Plaintiff's medical records.  As stated above, this was not the case.

The burden required to establish that a person is disabled, pursuant to the Rehabilitation Act, is a stringent one.  <u>Kent</u>, 2007 U.S. Dist. LEXIS 12596, at *8 (citing <u>Toyota Mfg., Ky., Inc. v. Williams</u>, 534 U.S. 184, 197 (2002)).  Judge Sheridan, after reviewing the record before him, held that Plaintiff did not meet his burden.  <u>Id.</u> *8-9.  Judge Sheridan did not, however, state that Plaintiff failed to submit *any* evidence regarding Plaintiff's medical condition.  Plaintiff is simply confused as to the language and reasoning adopted by Judge Sheridan.  This Court finds that Defendants did not withhold critical medical evidence from Judge Sheridan.

---

[6] In order for a "plaintiff to establish a prima facie case of disability discrimination under a failure to accommodate and/or disparate impact theory, plaintiff must demonstrate by preponderance of the evidence that (1) he is a disabled person; (2) he is qualified for the position in question, with or without reasonable accommodation; and (3) he was subject to an adverse employment action as a result of discrimination. . . . Under the Rehabilitation Act, a 'disability' is a physical and/or mental impairment that substantially limits one or more major life activities. To be substantially limiting, an impairment must 'prevent or severely restrict the individual from doing activities that are of central importance to most people's daily lives.'  These activities include 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'  The standard for qualifying as a disabled individual is a demanding one."  <u>Kent</u>, 2007 U.S. Dist. LEXIS 12596, at *7-8 (internal citations omitted).

## IV.  <u>CONCLUSION</u>

For the reasons stated above, Defendants' motion to dismiss, pursuant to FED. R. CIV. P.

12(b)(6), is granted, with prejudice.  Defendants' motion for summary judgment, pursuant to

FED. R. CIV. P. 56, is denied, as moot.


Date: June 19, 2008                           S/Joseph A. Greenaway, Jr.
                                              JOSEPH A. GREENAWAY, JR., U.S.D.J.